Tenney V. Osburn v. Commissioner.
Osburn v. Commissioner
Docket No. 64656.
United States Tax Court
T.C. Memo 1958-63; 1958 Tax Ct. Memo LEXIS 168; 17 T.C.M. (CCH) 310; T.C.M. (RIA) 58063; April 16, 1958
*168 Held: 1. That expenditures by petitioner for board and lodging in the taxable year 1954 were personal expenses within the meaning of section 262 of the Code of 1954 and not traveling expenses paid in connection with the performance of services as an employee, or in the pursuit of a trade or business while away from home within the meaning of section 62(2)(B) or 162(a)(2) of said Code; 2. That petitioner has failed to meet the burden of proving that any part of transportation expenses deducted by him for said year were other than personal expenses; and 3. That petitioner, for said year, was not entitled to take both the standard deduction and, in addition, a specific deduction for union dues. Tenney V. Osburn, Box 1455, Enid, Okla., pro se. Carswell H. Cobb, Esq., for the respondent. FISHER
Memorandum Findings of Fact and Opinion FISHER, Judge: This proceeding involves a deficiency in income tax determined against petitioner for the taxable year 1954 in the amount of $433.54. The issues presented involve (a) whether certain expenditures for food, lodging, and transportation were personal expenses or travel expenses paid while away from home either in connection with the performance of services as an employee or in the pursuit of a trade or business, and (b) whether petitioner is entitled to take both the standard deduction and a specific deduction for union dues. Findings of Fact Petitioner, who was unmarried, filed his income tax return for the year 1954 with the director of internal revenue, Oklahoma City, Oklahoma. Petitioner owned a home in Enid, Oklahoma, which was occupied by certain poor relations *170 to whose support he contributed. He did not live or work in Enid during 1954, and had not done so for about 14 years prior thereto. He visited his relatives in Enid every year or two. The petitioner was employed as a steel worker in the construction industry. During 10 months of the year here involved he was employed by Bethlehem Steel Company at the following locations and for the periods shown: Location of Employment
Dates of Employment
Bedford, Ohio
1/ 1/54 to 4/23/54
Teays, Ohio
4/27/54 to 9/ 3/54
Bedford, Ohio
9/ 6/54 to 10/28/54
Petitioner was employed in Pontiac, Michigan, and Detroit, Michigan, the rest of the year. He also had occasional jobs over weekends in various places. It was petitioner's custom to live in hotels, motels or apartments and eat his meals in restaurants. During the year 1954, he lived in hotels and motels except for the last month during which he occupied an apartment in Detroit. Petitioner left Enid to earn money with the intention of coming back and going into some business. At an unspecified time, he bought a theatre in Aline, Oklahoma, which resulted in a loss. He still owned it at the time of the trial of the case. He *171 bought another theatre prior to the purchase in Aline. Petitioner has belonged to a union since 1935. He had to go wherever the job was. He sought work through the union in Detroit. Except when sent from one job to another, he did not receive transportation allowance and did not receive such an allowance on trips back to Detroit or elsewhere to seek a job through the union. There is no evidence of the amount of transportation expense paid or reimbursement therefor received in 1954 in moving from job to job. He did not keep an exact account of transportation expense. He used an automobile to travel from place to place, but the deduction taken by him on his return was based on estimated railroad fare. At least part of his transportation expense in 1954 was incurred in seeking jobs in various places. On his income tax return for the year involved, the petitioner deducted the sum of $140 for union dues and in addition took the standard deduction. On his income tax return for the year involved, the petitioner deducted the sum of $160 as railroad fare and $1,300 for meals and lodging away from home. In the deficiency notice mailed to the petitioner on July 12, 1956, the respondent *172 disallowed the deduction for meals and lodging and railroad fare as personal expenses and disallowed the deduction for union dues on the ground that no separate deduction for union dues is allowable when the standard deduction is taken. During the year 1954, petitioner's home within the meaning of the taxing statutes was the particular place where he then was employed. Opinion Petitioner deducted on his income tax return for 1954 a total of $1,600 purporting to represent $1,300 for meals and lodging, $160 for "railroad fare" and $140 for union dues. The so-called railroad fare was actually for automobile expense approximated on the basis of estimated railroad fares. Respondent does not question the above amounts. He disallowed all three items for reasons to be mentioned in our discussion of each. The burden of proof as to each rests with petitioner. The relevant provisions of the statute are set forth in the margin. [1] Respondent disallowed the $1,300 item for food and lodging as personal living expenses. Petitioner argues that the expenditure was for subsistence while traveling away from home. He takes the position that he owned a home in Enid, Oklahoma, and that since his *173 various jobs were elsewhere in 1954, his expenditures for meals and lodging are allowable. The facts, however, show that he had not lived or worked in Enid for 15 years (including 1954); that the house was occupied by some poor relations to whose support he contributed (petitioner was unmarried); and that he returned to Enid for a visit every year or two. It is clear that petitioner lived away from Enid, and that his home or place of abode was where his job happened to be. This applies to 1954 as well as earlier years. Under the circumstances, respondent must be sustained on the authority of , affd. (C.A. 7, 1956). See also . *174 Respondent disallowed the item of $160 for "railroad fares," again maintaining that the amount was a personal expenditure (see ), and also that at least a substantial part of it was incurred in seeking employment rather than incurred in the performance of services as an employee. See ; . We agree with the application of these principles to the facts with respect to at least the greater part of the so-called "railroad expenses." It appears, however, that some part thereof may have represented amounts expended in transfers from job to job for which petitioner was reimbursed by his employer. Assuming that such amounts would, under proper circumstances, be deductible under the provisions of section 62(2)(A) or 62(2)(C), we are nevertheless faced with two difficulties, since the burden of proof is on petitioner. One is that we are unable to find any evidence of amounts paid for transportation, or received in reimbursement thereof, in moving from job to job in 1954. Exhibit A (a letter from Bethlehem Steel Company to petitioner showing the location *175 of petitioner's employment from January 1, 1954 to October 28, 1954) contains the statement "You were not reimbursed for living expenses while you were away from home in 1954." The letter is silent as to any expense of, or reimbursement for, transportation. Upon this state of the record, we have no basis for the application of the principles of (C.A. 2, 1930). Our other difficulty is that we find no evidence that any such reimbursement was included by petitioner in his gross income. We are clearly not warranted in allowing a deduction for reimbursed expenses unless the amount of the reimbursement is reported as income. Under the circumstances, we must again sustain respondent. The respondent disallowed the deduction of $140 for union dues because petitioner, in addition to the specific deduction, took the standard deduction as well. He is not permitted to do both. See . It is quite apparent from the record that it is greatly to petitioner's advantage to take the standard deduction. Respondent, therefore, properly disallowed the specific deduction. Decision will be entered *176 under Rule 50. Footnotes
1. SEC. 62. ADJUSTED GROSS INCOME DEFINED. For the purposes of this subtitle, the term "adjusted gross income" means, in the case of an individual, gross income minus the following deductions: * * *
(2) Trade and business deductions of employees. - (A) Reimbursed expenses. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses paid or incurred by the taxpayer, in connection with the performance by him of services as an employee, under a reimbursement or other expense allowance arrangement with his employer. (B) Expenses for travel away from home. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. (C) Transportation expenses. - The deductions allowed by part VI (sec. 161 and following) which consist of expenses of transportation paid or incurred by the taxpayer in connection with the performance by him of services as an employee. * * *
SEC. 63. TAXABLE INCOME DEFINED. * * *
(b) Individuals Electing Standard Deduction. - In the case of an individual electing under section 144 to use the standard deduction provided in part IV (sec. 141 and following), for purposes of this sub-title the term "taxable income" means adjusted gross income, minus - * * *
SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * *
(2) traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business; and * * *
SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses.↩